IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SAMUEL ISAIAS RAMIREZ,          )
                                )
        Petitioner,             )
                                )
v.                              )          Case No. CIV-26-467-J
                                )
MARKWAYNE MULLIN et al.,        )
                                )
        Respondents.            )

## REPORT AND RECOMMENDATION

Petitioner, a noncitizen[1] and citizen of Guatemala, proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response. (ECF No. 7). For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.   BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on July 31, 2019. (ECF No. 1:1 & 7-2). On August 1, 2019, ICE officials placed Petitioner into removal proceedings, but he was released on his own recognizance, after been given a Notice to Appear. (ECF No. 7-2). On November 24, 2025, an arrest warrant was issued for Mr. Ramirez and ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear and charged him with being inadmissible as an alien present in the United Stated who had not been admitted or paroled. *See* ECF No. 7-1. Petitioner is currently detained at the Cimmaron Correctional Facility.[2]

## II.   PETITIONER'S CLAIMS

Petitioner asserts three counts in his Petition.

- **Counts I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to all noncitizens in the United States who are inadmissible and he is entitled to a bond hearing under § 1226(a).

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process.

- **Count III**: **Violation of the Administrative Procedures Act (APA).** Petitioner alleges his continued detention without an individualized bond redetermination hearing violates the APA.

---

[2] *See* ECF No. 1:13; https://locator.ice.gov/odls/#/results (last visited Apr. 9, 2026).

(ECF No. 1:11-12). Petitioner asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner from custody, or, in the alternative, to provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) within two days[.]" (ECF No. 1:13). Petitioner also seeks declaratory relief. (ECF No. 1:13).

## III.    STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a

noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of the INA and § 1225(b)(2) does not apply to all noncitizens residing in the United States who are inadmissible.  (ECF No. 1:6-10). Petitioner contends that as relevant to his case, § 1225(b)(2) "does not apply to noncitizens residing in the United States who are subject to the grounds of inadmissibility because they previously entered the country without being admitted. Such noncitizens are detained under § 1226(a), unless they are subject to another detention provision[.]" (ECF No. 1:11).

Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). (ECF No. 7:10-11). Further, Respondents claim: (1) § 1225(b)(2)(A) is not limited to noncitizens "arriving" in the United States, and (2) § 1225(b)(2) is a "catchall provision that applies to *all* applicants for admission not covered by § 1225(b)(1)." (ECF No. 7:11-12).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D.

Okla. Feb. 26, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the terms "applicant for admission" and, in particular, "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Coreas*, 2026 WL 541151, at *2. "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that make any part of the statute superfluous." *Diaz v. Holt*, No. CIV-25 1179-J, 2025 WL 3296310, at *2 (W.D. Okla. Nov. 26, 2025) (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination."

*Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge DeGiusti, Judge Palk, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[3] This conclusion is also in accord with the Seventh Circuit, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, --- F.4th ---, 2026 WL 819258, at *1 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (agreeing with Respondents' interpretation).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A). *See Coreas*, 2026 WL 541151, at *2 (finding §

---

[3] *See, e.g., Coreas*, 2026 WL 541151, at *2; *Lopez v. Corecivic Cimmaron Corr. Facility*, No.CIV-25-1175-SLP, 2026 WL 165490, at *1(W.D. Okla. Jan. 21,2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

1226(a) governs a similarly situated petitioner's detention and "agree[ing] with the Seventh Circuit's reasoning, the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings"); *accord Puentes-Puentes v. Grant*, No. CIV-26-192-J, 2026 WL 657199, at *2 (W.D. Okla. Mar. 9, 2026) (concluding "unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted" (citation modified)).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven business days or otherwise release him if he does not have a lawful bond hearing within that period.

## V.    PETITIONER'S REMAINING CLAIMS

In Counts Two and Three, Petitioner argues a violation of Due Process and the APA through his continued detention without a bond hearing. (ECF No. 1:11-12). If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Counts Two and Three. *See, e.g., Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)). Further, considering the recommended relief, the Court need not address Petitioner's request for declaratory judgment.

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. See 28 U.S.C. § 636. Any objection must be filed not later than **April 17, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P.72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **April 20, 2026**. *See* Fed. R. Civ. P.72(b)(2).The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on April 10, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE